IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MASTERSCAPES, INC., et al., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | 1:25-CV-80-RP |
| GUSTAVO MIRELEZ, et al., | § § § | |
| Defendants. | § | |

**ORDER**

Before the Court is the report and recommendation from United States Magistrate Judge Susan Hightower concerning Plaintiff's Motion for Default Judgment and Permanent Injunction, (Dkt. 14). (R. & R., Dkt. 5). Pursuant to 28 U.S.C. § 636(b) and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Judge Hightower issued her report and recommendation on August 7, 2025. (*Id.*). As of the date of this order, no party has filed objections to the report and recommendation.

Pursuant to 28 U.S.C. § 636(b), a party may serve and file specific, written objections to a magistrate judge's proposed findings and recommendations within fourteen days after being served with a copy of the report and recommendation and, in doing so, secure de novo review by the district court. When no objections are timely filed, a district court can review the magistrate's report and recommendation for clear error. *See* Fed. R. Civ. P. 72 advisory committee's note ("When no timely objection is filed, the [district] court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Because no party has filed timely objections, the Court reviews the report and recommendation for clear error. Having done so and finding no clear error, the Court accepts and adopts the report and recommendation as its own order.

1

Accordingly, the Court **ORDERS** that the Report and Recommendation of the United States Magistrate Judge, (Dkt. 15), is **ADOPTED**. Plaintiff's Motion for Default Judgment and Permanent Injunction, (Dkt. 14), is **GRANTED**.

**IT IS ORDERED** that judgment shall be entered in favor of Plaintiffs MasterScapes, Inc., Daniel Haught, and Catherine Haught against Gustavo Mirelez and Texas Master Scapes LLC on Plaintiffs' claims for trademark infringement under 15 U.S.C. § 1114(1) and unfair competition under 15 U.S.C. § 1125(a)

**IT IS FURTHER ORDERED** that Defendants, along with their owners, officers, directors, managers, members, employees, agents, representatives, parent entities, affiliates, subsidiaries, entities under common control, successors, and assigns, and all persons and entities in active concert or participation with any one or more of them (collectively, "Enjoined Parties"), are **ENJOINED** from:

i. using in any manner, Plaintiffs' registered trademark for MASTERSCAPES, U.S. Registration No. 2,032,316 (the "MASTERSCAPES Mark"), either with or without a space between "MASTER" and "SCAPES", or any other name or mark that is confusingly similar to the MASTERSCAPES Mark, or any copies, derivations, or colorable imitations of the MASTERSCAPES Mark, in connection with any landscaping design, installation, construction, irrigation, or maintenance services, any lawn care or other gardening services, or any related property care services or goods;

ii. using the MASTERSCAPES Mark in commerce, or any other word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact which is likely to cause mistake or to deceive as to the affiliation, connection, or

        association of Defendants with Plaintiffs, or as to the origin, sponsorship, or approval of Defendants' goods, services, or commercial activities by Plaintiffs; and

iii.    otherwise committing or engaging in any acts constituting or resulting in trademark infringement or unfair competition with regard to Plaintiffs or the MASTERSCAPES Mark.

After service of the final judgment on Defendants, **IT IS FURTHER ORDERED** that the Enjoined Parties shall:

i.    within twenty-one calendar days permanently delete or cause to be deleted, all instances of "Master Scapes" that are used, included, or found in any digital files, documents, data, or content, whether or not currently available online, including without limitation, all website content, email content, customer invoices, receipts, and work orders, digital advertising and marketing content, social media content, and content on any third party websites such as, but not limited to Google, Facebook, and Angi.com,

ii.    within twenty-one calendar days permanently destroy or cause to be destroyed, all instances of "Master Scapes" found in print or physical form, including without limitation, all business cards, signage, work clothing, customer invoices, receipts, work orders, physical advertisements and marketing content, and any other printed or physical documents, items, and things. Defendants are not required to delete or destroy any of their historic and non-public business, legal, financial, or tax documents, records, files, or data that display or include "Master Scapes."

iii.    within thirty calendar days file and serve on Plaintiffs a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunctive relief ordered herein.

**IT IS FURTHER ORDERED** that the Enjoined Parties destroy or delete all instances of "Master Scapes" used in print, physical, or digital form be granted under 15 U.S.C. § 1118, which provides that all materials bearing an infringed registered trademark be delivered up and destroyed.

The Court will enter final judgment by separate order.

**SIGNED** on October 28, 2025.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE